JUDGE CHRISTOPHER M. ALSTON
Chapter: 7
Hearing Location: Marysville, WA
Hearing Date: August 10, 2023
Hearing Time: 10:00 a.m.
Response Date: August 3, 2023

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) Case No.   23-10708 CMA |
| NINA KOSHUR, | ) |
| | ) **TRUSTEE'S OBJECTION TO DEBTOR'S** |
| Debtor. | ) **MOTION FOR DISMISSAL OF THE** |
| | ) **BANKRUPTCY CASE** |

Trustee, DENNIS LEE BURMAN, objects to Debtor's motion for dismissal of her chapter 7 bankruptcy case for each of the following reasons:

1. There is no declaration or affidavit supporting the numerous allegations in Debtor's motion.

2. Although Debtor has entitled her document "Notice and Motion for Voluntary [D]ismissal of Chapter 7 Petition for Cause," it appears that Debtor has not given proper notice of the hearing on the motion.  First, Federal Rules of Bankruptcy Procedure (FRBP) 9006(d) implies that two separate documents are necessary – a motion and a notice.  ("A written motion … **and** notice of any hearing shall be served …" (emphasis added)).  Secondly, even if a combined motion/notice is permissible under the court rules, Debtor's document is not the typical notice form that has the date, time, and place of the hearing clearly shown in the body of the notice.  This information is only found in the heading at the top of page one.  That seems insufficient.

3. Debtor readily admits that the bankruptcy estate includes an asset that can be sold by Trustee to obtain funds to pay Debtor's creditors.  She scheduled her land in Florida.  It was originally valued by Debtor at $84,400.00.  Debtor's motion now indicates that the value of the land

**TRUSTEE'S OBJECTION TO DEBTOR'S MOTION**
**FOR DISMISSAL OF THE BANKRUPTCY CASE - 1**

Dennis Lee Burman, Attorney at Law
P.O. Box 1620
Marysville, WA 98270
Phone  (360) 657-3332

may well be $200,000.00. After Trustee objected to Debtor's original exemptions, Debtor filed an amended Schedule C, asserting an exemption under 11 USC §522, up to the applicable statutory limit. As the land is not a homestead, the most that Debtor can assert as exempt (under subsection (d)(5)) is $15,425.00, resulting in $184,575.00 as non-exempt. In her motion Debtor acknowledges equity of $184,000.00. Debtor also acknowledges that this would be sufficient to pay off all her debts in full (originally scheduled to total $88,828.84).

It is my job, as Trustee, in every bankruptcy case to pay creditors if I can. As indicated above, that will certainly happen in this particular case. On the other hand, if this case is dismissed there would be no obligation on the part of the Debtor to pay any of her creditors. Creditors might not get paid at all. Even if Debtor makes some payments, there is no guarantee that all creditors will be paid or that they would be paid in full.

4. Debtor suggests on pages 3 and 5 in her motion that she has excess monthly income that she can use to pay her creditors. Trustee has no objection to Debtor moving to convert her bankruptcy to a Chapter 13 case. In fact, Trustee understands that she has a statutory right to so convert. Debtor can then propose a plan to pay her creditors and thus subject herself to the supervision of this Court and the Chapter 13 Trustee's Office. This would protect her creditors as compared to an order of dismissal which would not.

DATED: July 17, 2023

/s/ Dennis Lee Burman

_____
DENNIS LEE BURMAN, WSBA #7875
Trustee in Bankruptcy

**TRUSTEE'S OBJECTION TO DEBTOR'S MOTION**
**FOR DISMISSAL OF THE BANKRUPTCY CASE - 2**

Dennis Lee Burman, Attorney at Law
P.O. Box 1620
Marysville, WA 98270
Phone (360) 657-3332